1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TAMMY A. STANLEY,           ) Case No. EDCV 10-1151-OP
                            )
              Plaintiff,    )
                            )
       v.                   ) MEMORANDUM OPINION AND
                            ) ORDER
MICHAEL J. ASTRUE,          )
Commissioner of Social Security, )
                            )
              Defendant.    )

The Court[1] now rules as follows with respect to the disputed issue listed in
the Joint Stipulation ("JS").[2]

/ / /

/ / /

_____

   [1]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before
the United States Magistrate Judge in the current action.  (See Dkt. Nos. 7, 9.)

   [2]  As the Court advised the parties in its Case Management Order, the
decision in this case is being made on the basis of the pleadings, the
Administrative Record ("AR") and the Joint Stipulation filed by the parties.  In
accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has
determined which party is entitled to judgment under the standards set forth in 42
U.S.C. § 405(g).

1

# I.

## DISPUTED ISSUE

As reflected in the Joint Stipulation, the disputed issue which Plaintiff raises as the ground for reversal and/or remand is whether the Administrative Law Judge ("ALJ"), F. Keith Varni, properly considered Plaintiff's subjective symptom testimony.  (JS at 4.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.

## DISCUSSION

### A.   The ALJ's Findings.

The ALJ found that Plaintiff has the severe impairment of recurrent herniated L5-S1 disc with left sciatica.  (AR at 19.)  He found Plaintiff had the residual functional capacity ("RFC") to perform light work with the following

1   limitations:  lift and/or carry twenty pounds occasionally and ten pounds

2   frequently; stand and/or walk six hours in an eight-hour workday, but should limit

3   walking on uneven terrain to two hours in an eight-hour workday; sit six hours in

4   an eight-hour workday; no push and/or pull limitations; occasionally climb ramps

5   and stairs, but never climb ladders, ropes, or scaffolds; occasionally balance,

6   stoop, kneel, crouch, and crawl; and avoid concentrated exposure to extreme cold

7   and vibration.  (Id.)  He found that the limitations would have little or no effect on

8   the occupational base of unskilled light work.  He also found that notwithstanding

9   the limitations and restrictions, there are a substantial number of jobs in the

10  national economy Plaintiff can perform.  (Id. at 22-23.)

11  **B.      The ALJ Failed to Properly Consider Plaintiff's Subjective Complaints.**

12          Plaintiff contends that the ALJ failed to articulate sufficient reasons for

13  rejecting Plaintiff's testimony.  (JS at 4-11, 16-17.)  The Court agrees.

14          **1.      Applicable Law.**

15          An ALJ's assessment of pain severity and claimant credibility is entitled to

16  "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.

17  Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a

18  claimant's testimony is a critical factor in a decision to deny benefits, the ALJ

19  must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231

20  (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also

21  Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that

22  claimant was not credible is insufficient).

23          Under the "Cotton test," where the claimant has produced objective medical

24  evidence of an impairment which could reasonably be expected to produce some

25  degree of pain and/or other symptoms, and the record is devoid of any affirmative

26  evidence of malingering, the ALJ may reject the claimant's testimony regarding

27  the severity of the claimant's pain and/or other symptoms only if the ALJ makes

28  specific findings stating clear and convincing reasons for doing so.  See Cotton v.

1   Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d

2   1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993);

3   Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

4        To determine whether a claimant's testimony regarding the severity of his

5   symptoms is credible, the ALJ may consider the following evidence: (1) ordinary

6   techniques of credibility evaluation, such as the claimant's reputation for lying,

7   prior inconsistent statements concerning the symptoms, and other testimony by the

8   claimant that appears less than candid; (2) unexplained or inadequately explained

9   failure to seek treatment or to follow a prescribed course of treatment; (3) the

10  claimant's daily activities; and (4) testimony from physicians and third parties

11  concerning the nature, severity, and effect of the claimant's symptoms. Thomas v.

12  Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also Smolen, 80 F.3d at 1284.

13  SSR 96-7p further provides that an individual may be less credible for failing to

14  follow prescribed treatment without cause. SSR 96-7p. "[A]ffirmative evidence

15  suggesting" that a claimant is malingering vitiates the applicability of a clear and

16  convincing standard of review. Smolen, 80 F.3d at 1283-84; see also Schow v.

17  Astrue, 272 Fed. App'x. 647, 651, 654-55 (9th Cir. 2008).

18      **2.    Analysis.**

19      Plaintiff testified at the hearing that the back surgery she had in May of

20  2007 did not help her at all. (Id. at 246.) Although she had been told she needs

21  additional surgery – a fusion – she stated she is "really scared to do it because with

22  the hardware they said it's a good possibility I can go paralyzed from it." (Id. at

23  247.) She stated that her physical therapist told her that therapy was not for her

24  because the therapy was "hurting worse." (Id.) Although she had three epidurals,

25  they had not helped at all, and any relief was temporary. (Id.) She testified that

26  she was not able to work anymore, used to take care of her husband and used to

27  make patio furniture, but now "it's even hard for me to do my own housework."

28  (Id. at 248.) Her daughter helps her "a lot" by going grocery shopping, doing

1   housework, and preparing meals three times a week.  (Id.)  She "sometimes . . .

2   can't even drive because of leg pain."  (Id.)  She testified she walks with the

3   grandchildren and use a cane that the therapist gave her.  (Id.)  She tries to "do

4   some light housework" daily, and sometimes cooks.  (Id. at 252-53.)  She did not

5   think she could do even a sit-down job for two hours a day with no lifting over ten

6   pounds because she gets "really stiff" sitting.  (Id. at 248-249.)  Neurontin and

7   Motrin help her pain "[a] little bit."  (Id. at 251.)

8       The ALJ found that Plaintiff's medical impairments could reasonably be

9   expected to produce the alleged symptoms.  (Id. at 20.)  Therefore, he was required

10   to provide *specific*, *clear* and *convincing* reasons for rejecting Plaintiff's

11   subjective allegations of pain and functional limitations.  In his decision the ALJ

12   stated as follows:

13       I must evaluate the intensity, persistence, and limiting effects of the

14       claimant's symptoms to determine the extent to which they limit the

15       claimant's ability to do basic work activities.  For this purpose,

16       whenever statements about the intensity, persistence, or functionally

17       limiting effects of pain or other symptoms are not substantiated by

18       objective medical evidence, I must make a finding on the credibility of

19       the statements based on a consideration of the entire case record.

20       . . . .

21       After careful consideration of the evidence, I find that the

22       claimant's medically determinable impairment could reasonably be

23       expected to cause the alleged symptoms; however, the claimant's

24       statements concerning the intensity, persistence and limiting effects of

25       these symptoms are not credible to the extent they are inconsistent with

26       the above residual functional capacity assessment.

27       . . . .

28       I give greatest weight to the medical source opinions of the State

1  Agency reviewing physicians as they are familiar with Social Security

2  disability laws and had an opportunity to review the evidence.  Their

3  assessment of the claimant's functional limitations is consistent with the

4  evidence of record.  They gave the claimant the benefit of the doubt by

5  generously considering her subjective complaints of back and leg

6  problems.

7       . . . .

8       . . . The additional nonexertional limitations included in the

9  residual functional capacity give the claimant the benefit of the doubt by

10  generously considering her subjective pain complaints.

11       . . . Although the claimant is not fully credible, I have generously

12  considered his [sic] subjective complaints.  The objective medical

13  evidence does not support the alleged severity of symptoms or more

14  restrictive functional limitations.

15  (AR at 20, 21, 22.)  It appears, therefore, that the ALJ based his adverse credibility

16  determination solely on the lack of support in the objective medical record.

17  However, although it is a relevant factor to consider, medical evidence alone is an

18  insufficient basis to reject a claimant's subjective pain testimony.  Rollins v.

19  Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 354 (noting

20  that "an [ALJ] may not reject a claimant's subjective complaints based solely on a

21  lack of objective medical evidence"); Smolen, 80 F.3d at 1285; Lester v. Chater,

22  81 F.3d 821, 834 (9th Cir. 1995) ("Once the claimant produces medical evidence

23  of an underlying impairment, the Commissioner may not discredit the claimant's

24  testimony as to subjective symptoms merely because they are unsupported by

25  objective evidence.").

26       Furthermore, the ALJ "must state *specifically* which symptom testimony is

27  not credible and what facts in the record lead to that conclusion."  Smolen, 80 F.3d

28  at 1284 (emphasis added); Dodrill, 12 F.3d at 918 (9th Cir. 1993).  Indeed, the

6

1  ALJ's credibility findings "must be sufficiently specific to allow a reviewing court

2  to conclude the ALJ rejected the claimant's testimony on permissible grounds and

3  did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367

4  F.3d 882, 885 (9th Cir. 2004).  Here, although the ALJ characterized Plaintiff's

5  statements regarding the impact of her impairments on her ability to work "not

6  credible," the Court cannot glean any other specific reasons from the ALJ's

7  opinion as to which portions of Plaintiff's testimony he did or did not credit and

8  why.

9         As noted by Plaintiff and Defendant, the ALJ did discuss other reasons for

10  his RFC, such as Plaintiff's failure to have additional surgery, her reported

11  activities of daily living, and the fact that there appeared to be no worsening of

12  Plaintiff's condition since the assessment by the consulting examiner, Dr. Sophon.

13  However, in making these references, the ALJ made no specific finding that he

14  was providing these issues as clear and convincing reasons for discounting

15  Plaintiff's credibility.  In fact, to the extent the ALJ attempted to use Plaintiff's

16  daily activities to reject her credibility, his observations, which merely recounted

17  her testimony, are way too vague.  The Ninth Circuit has admonished that

18  "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is

19  not credible and what evidence undermines the claimant's complaints." Reddick

20  v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

21         As there is no evidence to support a finding that Plaintiff was malingering

22  (and the ALJ failed to expressly make such a finding), the ALJ was required to

23  provide "clear and convincing" reasons to reject Plaintiff's testimony.  The fact

24  that the Court cannot determine whether the ALJ intended his discussion of

25  Plaintiff's credibility to include any factor other than the objective medical record

26  is proof that the ALJ was not "sufficiently specific to allow a reviewing court to

27  conclude the ALJ rejected the claimant's testimony on permissible grounds and

28  did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885

1   (citations and internal quotation marks omitted).  Thus, the ALJ's credibility

2   determination was error and this action must be remanded to allow the ALJ to

3   properly consider Plaintiff's subjective complaints of impairment.

4                                               **IV.**

5                                          **ORDER**

6       Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY

7   ORDERED THAT Judgment be entered reversing the decision of the

8   Commissioner of Social Security, and remanding this matter for further

9   administrative proceedings consistent with this Memorandum Opinion.

10

11

12   DATED: March 15, 2011

                             HONORABLE OSWALD PARADA
                             United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28